USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2-4-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America

v.

Hector Joel Duprey Vasquez,

               *Defendant.*

18 Cr. 18 (ALC)

---

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS, on April 4, 2019, Hector Joel Duprey Vasquez (the "Defendant") entered a plea of guilty to Count One of the Indictment;

WHEREAS, on October 21, 2019, Hector Joel Duprey Vasquez (the "Defendant") filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), and a Declaration in support of that motion;

WHEREAS, in his October 21, 2019 Declaration, the Defendant states that the basis for the motion to withdraw his guilty plea is, in part, because of advice the Defendant received from his former trial counsel, Zachary Taylor, Esq. ("Prior Counsel");

WHEREAS, on December 9, 2019, the Defendant filed a letter requesting that Prior Counsel be available as a witness at a hearing concerning his motion to withdraw his guilty plea (the "Hearing");

WHEREAS the defendant has executed the attached "Attorney-Client Privilege Waiver" form;

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Prior Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof.

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 26.2, in advance of the Hearing, Prior Counsel shall produce to the Government and current counsel for the Defendant, all records and communications relating to Prior Counsel's representation of the Defendant, including but not limited to any communication such as text messages and emails, as well as any notes, reports, memoranda, or files regarding Prior Counsel's representation of the Defendant (the "Relevant Communications");

IT IS FURTHER ORDERED that, at the Hearing, the Defendant and Prior Counsel may be questioned regarding discussions and communications relating to Prior Counsel's advice to the Defendant concerning his decision to plead guilty.

Dated: New York, New York
       February 2, 2021

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Hector Joel Duprey Vasquez,<br><br>*Defendant.* | 18 Cr. 18 (ALC) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Hector Joel Duprey Vasquez

     You have made a motion pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) to withdraw your guilty plea, on the ground that you received ineffective assistance from your former lawyer, Zachary Taylor, Esq. (referred to in this form as "your former attorney"). In such motion and the supporting Declarations, you have requested a hearing on that motion and further indicated that you consent to questioning of your former attorney regarding communications between you and your former attorney that relate to the legal advice that you received.

     If you wish to admit evidence at the hearing relating to legal advice and representation that you received from your former attorney, you have waived the attorney-client privilege you had with your former attorney regarding that legal advice and representation. This means that if you wish to press these arguments at the hearing and to elicit testimony regarding legal advice you received, you cannot keep the communications between yourself and your former attorney, and documents and other materials related to those communications, a secret. This form is designed to ensure that you fully understand and agree to this.

     Specifically, if you wish to proceed with your motion, you must sign this statement and return it to the Court (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications, including documents and other materials memorializing confidential communications, in response to a court order. The form also constitutes your consent to the Government's review of confidential communications between you and your former attorney that it has seized through the course of its investigation.

     You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that if you do not sign this authorization, the Court may not permit you to make the arguments and elicit the testimony requested in your motion. You must return this form, signed by you and notarized, by February 12, 2021.
NOTARIZED AUTHORIZATION

I have reviewed with my current attorney this document titled Attorney-Client Privilege Waiver (Informed Consent) and the accompanying proposed Court Order. I hereby authorize my former

attorney, Zachary Taylor, Esq., to comply with any Court Order requiring him to provide documents and testimony relating to my motion and the arguments I seek to make at a guilty plea withdrawal hearing. This authorization allows my former attorney to provide documents and testify only pursuant to court order.

Dated: _____          _____
                                                            HECTOR JOEL DUPREY VASQUEZ


Sworn to before me this _____ day of _____, 2021


_____
Notary Public